IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YVONNE GREENBAUM, | § § § | |
| Plaintiff | § § | |
| V. | § § | 5:15-CV-127  RP |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. and HCA HEALTH AND WELFARE BENEFITS PLAN, | § § § § § | |
| DefendantS | § § | |

## ORDER

Before the Court are Defendant HCA Health and Welfare Benefits Plan's Motion to Dismiss, filed April 20, 2015 (Clerk's Dkt. #5), and Plaintiff's Response to the Plan's Motion to Dismiss, filed May 4, 2015 (Clerk's Dkt. #9).  Having reviewed the parties' pleadings, the applicable case law and the entire case file, the Court issues the following Order.

## Background

Plaintiff was employed as a registered nurse by Methodist Metropolitan Hospital in San Antonio, Texas beginning in 1996.  In 2014, in an effort to counteract bilateral hearing loss, Plaintiff underwent surgery for the implantation of a Cochlear Implant.  As a result of the surgery, Plaintiff applied for short-term disability benefits ("STD Benefits") from her employee benefit plan, the HCA Health and Welfare Benefits Plan (the "Plan"), which plan is administered by Sedgwick Claims Management Services, Inc. ("Sedgwick").  Plaintiff sought STD Benefits for the six-month period between June 11, 2014 and December 11, 2014.   Sedgwick approved STD Benefits, but only for the time period  between June 11, 2014 to August 2, 2014.  Plaintiff appealed the denial of STD Benefits after August 2, 2014, which appeal was denied by Sedgwick by letter dated September 30, 2014.   Sedgwick declined to reconsider its decision, even after the Social Security

Administration (the "SSA") approved Plaintiff's claim for SSA disability benefits on November 17, 2014.

On February 18, 2015, alleging Sedgwick abused its discretion by denying Plaintiff the full six months of STD Benefits, Plaintiff filed this lawsuit against the Plan and Sedgwick under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq,* seeking the STD Benefits she was denied from August 2, 2014 to December 11, 2014.  The Plan moves to dismiss Plaintiff's claim against it pursuant to Federal Rule Civil Procedure 12(b)(6).

### **Standard of Review**

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.*, 550 U.S. at 570.  The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The standard is properly guided by "[t]wo working principles."  *Id*.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*, 556 U.S. at 678-79.  Second, "[d]etermining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*., 556 U.S. at 679.  Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and  determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

### Discussion

The Plan argues it is not a proper defendant in this action because the Plan has no discretion or authority to adjudicate the disputed claim and is not liable for the payment thereof. Plaintiff maintains the Plan is still liable under ERISA for her STD Benefits.

ERISA governs employee benefit plans "established or maintained for the purpose of providing its participants or their beneficiaries, through the purchase of insurance of otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment . . .."  29 U.S.C. § 1002(1)(A).  A civil action may be brought under ERISA by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  *See also Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (person denied benefits may challenge denial in federal court).

Under the express language of ERISA's remedial provision, an employee benefit plan is a proper defendant under the statute.  *See* 29 U.S.C. § 1132(d)(1).  The Plan contends, however, it is not a proper party to this suit because it is not responsible for processing or paying the claim.

None of the cases cited by the Plan support this contention.  While it is true a third party cannot be held liable under ERISA where it does not exercise actual control over the benefits and

is not responsible for paying the disputed benefits, this applies to a party that is not the plan administrator or the benefit plan itself.  *See LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs*, 703 F.3d 835 (5th Cir. 2013).  All of the case law cited by the Plan as support for its argument address whether a party other than the plan is a proper defendant in an ERISA action.  *See Kinnison v. Humana Health Plan of Texas, Inc.*, 2008 U.S. Dist. LEXIS 47352 (S.D. Tex. June 17, 2008)(holding an "independent review organization" that was neither the plan nor the plan administrator was not a proper defendant under ERISA); *Cooksey v. Metro. Life Ins. Co.*, 2004 U.S. Dist, LEXIS 11850 (N.D. Tex. June 17, 2004)(holding plaintiff's employer was not a proper defendant under ERISA); and *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826 (E.D. Tex. 2002)(holding plaintiff's employer was not a proper defendant under ERISA).  In fact, not one of the cases presented by the Plan stands for the proposition that there is *ever* a circumstance under which the employee benefit plan itself is not a proper defendant in an ERISA lawsuit seeking benefits under said plan.

This Court finds the Plan's motion to dismiss under Rule 12(b)(6) should be denied.

**IT IS THEREFORE ORDERED** Defendant HCA Health and Welfare Benefits Plan's Motion to Dismiss (Clerk's Dkt. #5) is hereby **DENIED**.

**SIGNED** on May 29, 2015.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE